Edwin Cancinos-Mancio v. Garland and I had not caught that complaint is mentioned both in the plea agreement and then it's mentioned, as you noted, on page 9 of the transcript. But suppose the plea agreement and the transcript had both referenced the indictment. O'Connell. Yes. Sotomayor. So it said the indictment and everything else is the same, but the indictment is missing. O'Connell. Right. Would you lose, then, or would it be the same result? And if so, why? If that were the case, I kind of can't imagine that Petitioner would not have brought that issue up before the immigration judge. I mean, this is part of the issue here is when there was an opportunity for them to put the indictment into the record, that issue was not raised. So we do have an exhaustion issue here, and it's kind of showing us why that's a problem, because we are stuck with the record that we have right now, and the record we have right now doesn't have an indictment. I would say that it's going to raise some questions if they're referencing the indictment, but at the same time, if the only evidence that we have says A-2 under Diaz-Moreno, then that would be sufficient. But I do think that there would have been prior argument about where is this indictment. Suppose the indictment, suppose the indictment were in the record and showed A-1. O'Connell. Yeah. But she took the plea to A-2, very clearly took a plea to A-2, and then there's a conviction. What would be the answer, then? Well, if she took the plea to A-2, then that is what she was convicted of. The last thing is what wins. So that would be a state law error, but... Yeah. Actually, the case, there's a case, Lima-Lima, where that kind of situation arose, and that is cited in our brief. And the premise of that case is essentially this Court saying if your plea amendment got rid of what you said in the indictment because it changed it, well, then that indictment is dead. So you can't rely on that if you have the change of plea. And in Lima-Lima, the plea agreement didn't get to all of the elements of the offense. And so in that case, in Lima-Lima, they said not enough evidence for conviction. But the whole point of that case was to say that what matters is what you ultimately pled to. Now, what you ultimately pled to, we might have a little more hint of that if we're looking at the charging documents. But really what matters is what you actually pled to. So I just want to just very quickly, because I'm running out of time, I just wanted to just mention that, once again, that complaint does say verbatim, it's page 429, that the Petitioner intentionally placed the victim in reasonable apprehension of imminent physical injury. So we do have verbatim the same language as is in the statute. And unless there are any questions on that issue, I did want to quickly touch upon the clear and convincing evidence standard issue that has been brought up. So Petitioner is arguing that because the immigration judge did not specifically state the clear and convincing evidence standard, that she didn't use any standard at all. That's not true. So she did apply a standard. So it's our job to figure out what standard she applied. It's not actually an error for the immigration judge to not state the standard. It's certainly an error for her to not apply the standard. So it's very helpful sometimes when they do state the standard, because then you can see, okay, she's stating the standard, she knows what the standard is, and, you know, this evidence satisfies it or doesn't satisfy it. And it's easy to review it, but like I said, it's not an error not to state it. So let's look at it. Since she didn't state it, let's look at the evidence of what she actually did. At the very base of that, we do have the presumption of regularity. The immigration judge is a government official. There is a presumption that she's going to discharge her duties, including using the correct standard of review. And especially when we're dealing with what is the most basic standard of immigration law, you know, it's not a standard that's in flux. If you want to find someone removable, it has to be because there is clear and convincing evidence of their removability. But so we start with that, and then you have to look, is there any evidence in this record to overcome that presumption? And we don't have any evidence of that. Petitioner didn't point to any evidence that she weighed against it that might tell us, oh, she's actually using a preponderant evidence standard. It's not like she said this evidence is more persuasive than this evidence. She wasn't weighing evidence in a way that made you think that she was doing a different standard. We also see her that she is relying on the type of evidence that this Court has found in other precedential decisions to be clear and convincing evidence. So she's relying on the right kind of evidence that would say that we consider to be clear and convincing. We also have the history of this case to look at. She not only did she mention in her decision that she reviewed the prior decisions in record, she actually discusses on page 81 of the record with both Petitioners and government counsel what she had done and what she had reviewed, including the transcripts of prior proceedings and decisions. So she discussed that she had reviewed that. And we have in her review, she would have come across at least three statements of this, the correct clear and convincing evidence standard. Page 290, the very first immigration judge orally finds that DHS sustains its support burden by clear and convincing evidence. And then in a written decision on pages 233 and 236, the second immigration judge used that standard twice and stated that standard twice. Finally, I'll just mention that the decision itself includes a burden shifting. As soon as she finishes the removability portion of her decision, the immigration judge states that Petitioner has the burden to show that he is eligible for relief and he has to do it by preponderant evidence. If she weren't shifting her burden from one thing to another, she probably wouldn't have said so. But I do see I am out of time, so unless the Court has questions, I will rest. Thank you. Okay. Thank you so much. Your bottle. So the Department explains that this is something about the complaint that should have been brought up by Mr. Consinos during the time of the evidentiary with the immigration judge. But it's our position that that would be illegal burden shifting. It's their burden of proof, not Respondent's. We agree that it's Respondent's in the immigration judge context to prove eligibility for relief. We concede that. But it's their burden of proof by clear and convincing evidence to show that. So if they didn't approve the indictment, that's on the Department. But now we have, I mean, the two indicia in the plea agreement and in the transcript that, in fact, the plea was taken to the complainant. Maybe that was messed up under Arizona law, but is that something we can consider that the conviction still results? Well, again, there's a conviction here for purposes of the State, but is it a deportable offense for purposes of the Immigration and Nationality Act for an aggravated crime of  I would say no, because it's their burden. It's in the record. They don't. They have never said that it doesn't exist. What could have happened with that, of course, is only between the Superior Court and Defense Counsel. I just also just want to mention that the government cites to Moreno Diaz, the unpublished case, to say that the colloquy is sufficient, even if you don't have the indictment or the other charging document. But I just want to note that that document or that case, Diaz-Moreno, conflicts with Marcia Acosta, where it says you need the charging document and some sort of assent by the defender, the respondent, to satisfy the modified categorical report. So Diaz-Moreno just essentially ignores precedent and just finds that the colloquy is enough. So we don't think that case has any presidential or persuasive value. Your Honor, I know that I'm out of time. So unless the panel has any questions, I ask that the Court reverse the BIA and remand the case back to the Immigration Court. Thank you. All right. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the Court. That completes our calendar for the morning. We are in recess until 9.30 a.m. tomorrow morning. All rise. This court is in session.
judges: RAWLINSON, COLLINS, Fitzwater